IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JIMMY DEWAYNE HILL, #1719333,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:14-CV-2695-L-BK | |
| § | | |
| **THE STATE OF TEXAS, et al.,** § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On July 28, 2014, Plaintiff, a state inmate, filed a *pro se* complaint under 42 U.S.C. § 1983 against Defendants the State of Texas, the Court of Criminal Appeals ("CCA"), and the 363rd District Court of Dallas County, which was automatically referred to the magistrate judge. *See* 28 U.S.C. 636(b) and *Special Order 3*. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed for want of jurisdiction

**I. BACKGROUND**

This action arises from state habeas proceedings concerning Plaintiff's aggravated robbery conviction, for which he is presently confined within the Texas Department of Criminal Justice. [Doc. 1 at 4; Doc. 2 at 2]. On June 25, 2014, the CCA denied without written order his state habeas application in *Ex parte Hill* No. WR-77,978-06 (Tex. Crim. App. 2014), based upon the trial court's findings without a hearing. Plaintiff asserts that Defendants' refusal to hear his sufficiency of the evidence claim (which the court found not to be cognizable in state habeas proceedings under *Ex parte McClain*, 869 S.W.2d 349, 351 (Tex. Crim. App. 1994)) deprives him of "due process and equal protection of the law." [Doc. 1 at 4; Doc. 2 at 2]. He claims that

"*McClain* directly conflicts with the purpose of the habeas corpus remedy," and that "there is no rational basis to limit state habeas corpus claim to state constitutional issues." [Doc. 2 at 2, 4]. Plaintiff requests declaratory and injunctive relief. [Doc. 2 at 4]. In essence, he requests that the Court require "the defendants to hear and address [his] insufficient evidence claims and claims relating to the insufficient factual basis for [his] guilty plea." [Doc. 2 at 4].

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court must examine the threshold question of whether it has subject-matter jurisdiction. It is an issue of the utmost importance, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *See System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky,* 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Although federal courts unquestionably have jurisdiction over claims under section 1983, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney,* 786 F.2d 688, 691 (5th Cir. 1986). By virtue of the *Rooker-Feldman* doctrine,[1] "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *Weekly v. Morrow,* 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar,* 18 F.3d 315, 317 (5th Cir. 1994)). The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state

---

[1] This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman,* 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F.Supp.2d 778, 788 (N.D. Tex. 2003) (Fish, C.J.) (quoting *Hale*, 786 F.2d at 691).

Errors in state cases should be reviewed and settled through the state appellate process. *Rooker,* 263 U.S. at 415. The United States Supreme Court, through a writ of certiorari, is the only federal court permitted to review state court decisions. *Weekly*, 204 F.3d at 615.

Here, Plaintiff's request for declaratory and injunctive relief, "stripped to essentials, is an attack on the judgment of the state [court]." *Liedtke,* 18 F.3d at 318. Plaintiff asserts the CCA and the state trial court denied him full review of his state habeas claims. His allegations require this Court to evaluate the state trial court's findings and the CCA's order denying the state habeas writ, which this Court "may not do." *Feldman*, 460 U.S. at 482 n. 16. Plaintiff's section 1983 action arises from state habeas proceedings and is, thus, "'inextricably intertwined' with that judgment." *Liedtke*, 18 F.3d at 318. "The only proper recourse for [Plaintiff] is with the United States Supreme Court; he cannot file a complaint in the federal district court challenging the state court's judgment." *Moore v. Texas Court of Criminal Appeals*, 561 Fed. Appx. 427, 431 (5th Cir. 2014) (holding court lacked jurisdiction under *Rooker-Feldman* doctrine over section 1983 suit against CCA and its sitting judges alleging that defendants violated the plaintiff's due process rights when they failed to fairly and impartially review his state habeas petition). Consequently, this action should be dismissed for want of jurisdiction.[2]

---

[2] The Court notes that a petitioner may attack the validity of his state conviction in federal court on federal constitutional grounds by submitting a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(a) (federal court shall entertain application for writ of habeas corpus in behalf of person in custody pursuant to judgment of state court on ground custody violates the Constitution).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** *sua sponte* without prejudice for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(3).

SIGNED September 16, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE